Michael L. Rausch, Esq.
Emily M. McCulloch
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
Liberty Center, Ste. 302
9 Third Street North
Great Falls, MT 59401
Telephone: 406.403.0041
Fax: 406.453.1634
mike@bkbh.com
emily@bkbh.com

*Attorneys for Defendant RELX Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HERU Spencer,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN; EQUIFAX INC;<br>RELX INC.; TRANSUNION<br>HOLDING COMPANY INC.;<br><br>Defendants. | Case No. CV-23-65-H-BMM-KLD<br><br>**AFFIDAVIT OF EMILY M. MCCULLOCH** |

STATE OF MONTANA    )
                    :ss
County of Missoula  )

I, Emily M. McCulloch, being first duly sworn upon my oath, depose and state:

1. I am an attorney in the law firm of Browning, Kaleczyc, Berry & Hoven, P.C. ("BKBH"). I have been practicing law since 2021. I am an attorney in good standing and am licensed in all Montana State and Federal Courts.

2. I represent RELX Inc. ("RELX") in the above-entitled action.

3. I offer this Affidavit in support of RELX's Notice of Plaintiff's Non-Opposition to RELX's Motion to Dismiss.

4. Attached hereto as Exhibit A is a true and accurate copy of a letter dated October 19, 2023 sent to Heru Spencer via U.S. Mail to PO Box 1376, Bozeman, MT 59771.

DATED this 3rd day of November, 2023.

Emily M. McCulloch

SUBCRIBED AND SWORN TO before me this 3rd day of November, 2023, by Emily M. McCulloch.

NOTARY PUBLIC FOR THE STATE OF MONTANA

(Notarial Seal)



AMANDA K HEWITT
NOTARY PUBLIC for the
State of Montana
Residing at Missoula, MT
My Commission Expires
December 12, 2026.

G. Andrew Adamek
Chad E. Adams
Daniel J. Auerbach
Kimberly A. Beatty
Troy L. Bentson
Leo Berry
Dash H. Dejarnatt
Mark D. Etchart
Steve J. Fitzpatrick
Hallee Frandsen
Oliver H. Goe
Thomas E. Hattersley, III



J. Daniel Hoven
Judd M. Jensen
Catherine A. Laughner
Christy Surr McCann
Emily McCulloch
Michael L. Rausch
Brian P. Thompson
Evan M. Thompson
W. John Tietz
Michael T. Trosper
Megan E. Wampler
Steven T. Wade
Leo S. Ward
Morgan M. Weber
R. Stephen Browning (1940-2018)
Stanley T. Kaleczyc : Of Counsel

**Mailing Address**
Post Office Box 1697
Helena, Montana 59624-1697
Telephone (406) 443-6820
bkbh@bkbh.com

**Street Address**
800 N. Last Chance Gulch, #101
Helena, Montana 59601-3351
Telefax (406) 443-6883
www.bkbh.com

October 19, 2023

RE: ***Heru Spencer v. LexisNexis/ RELX, Inc.***

Dear Mr. Spencer:

On August 21, 2023, you filed a claim in Montana state court against our client, RELX, Inc. ("RELX"). In Response, RELX removed this action into federal court and filed a Motion to Dismiss the Complaint. The United States District Court for the District of Montana Helena Division accepted jurisdiction, and RELX's Motion to Dismiss was transferred to federal court. Per the Court's Order, attached hereto as Exhibit A, you had until October 16, 2023, to respond to RELX's Motion to Dismiss. Pursuant to Mont. R. Civ. P. local rule 7.1(d)(1)(B), a party has 21 days to respond to a Motion to Dismiss. Failure to do so can result in a default entry of judgment dismissing the Complaint. Failure to comply with the local rules, can result in entry of judgment against the defaulting party. L. R. 83.8(a). You failed to respond in accordance with the rules.

If you do not respond to RELX's Motion to Dismiss by **November 2, 2023**, RELX will proceed with advising the Court that its Motion to Dismiss is uncontested and will seek dismissal from the case. Attached hereto is RELX's Motion to Dismiss and Brief in Support. *See* Exhibit B.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _/s/ Emily McCulloch_
Emily M. McCulloch

3198953/7387.002

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HERU SPENCER,<br><br>     Plaintiff,<br><br>vs.<br><br>EXPERIAN; EQUIFAX INC.; RELX INC.; TRANSUNION HOLDING COMPANY INC.;<br><br>     Defendants. | CV 23-65-H-BMM-KLD<br><br><br>ORDER |

  On September 19, 2023, Defendant Trans Union, LLC removed this case from the Eighteenth Judicial District Court of Gallatin County, Montana. (Doc. 1). On September 25, 2023, Defendant RELX Inc. filed an amended brief in support of the motion to dismiss that was pending in state court at the time of removal. (Doc. 11). Under the Local Rules of Procedure for the District of Montana governing removal, "[m]otions and other requests directed to the state court are automatically terminated upon removal but may be refiled in this court." L.R. 3.3(a)(3). Accordingly,

  IT IS ORDERED that RELX's filing is construed as a newly filed Motion to

//

//

//

**Exhibit A**

Dismiss and Motion for More Definite Statement. (Doc. 11). Response briefs are due on or before October 16, 2023.

DATED this 26th day of September, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge

Michael L. Rausch, Esq.
Emily M. McCulloch Esq.
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
Liberty Center, Ste. 302
9 Third Street North
Great Falls, MT 59401
Telephone: 406.403.0041
Fax: 406.453.1634
mike@bkbh.com
emily@bkbh.com
Attorneys for RELX, *Inc.*


UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HERU SPENCER,<br><br>             Plaintiff,<br><br>     v.<br><br>EXPERIAN; EQUIFAX INC; RELX INC.; TRANSUNION HOLDING COMPANY INC.;<br>             Defendants. | Case No. CV-23-65-H-BMM-KLD<br><br>**RELX, INC.'S AMENDED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT (TO PROVIDE FEDERAL AUTHORITIES)** |

RELX Inc. ("RELX") files this amended brief in support of its motion to dismiss and motion for a more definite statement for the reason Defendant Trans Union has removed this case to Federal Court. RELX is supplementing its initial brief in support with the applicable federal authorities related to its motion.

1

**Exhibit B**

## BACKGROUND

Plaintiff filed a Complaint and named the following parties as defendants: (1) Experian; (2) Equifax, Inc.; (3) RELX, Inc.; and (4) Transunion Holding Company, Inc (collectively "Defendants"). Plaintiff's Complaint appears to be alleging misconduct by all the named Defendants related to credit reporting. The Complaint alleges that Defendants have violated Plaintiff's "privacy and 14th Amendment" but does not offer any more details on how these rights were violated factually or legally. The Complaint further alleges that Defendants ignored the Plaintiff's written requests, but it does not specify what the requests were seeking or when the requests were made.[1] Due to Plaintiff's failure to state a claim, Plaintiff's claims should be dismissed. Alternatively, RELX seeks to have the Court order Plaintiff to file a more definite statement of his claims including the factual grounds.

RELX initially filed its motion to dismiss in state court applying state court precedent. Subsequently, Defendant Trans Union removed the case to federal court. Therefore, RELX is now amending its previously filed brief to include

---

[1] For the Court's information, RELX does not publish consumer reports, and does not engage in credit reporting. RELX owns a corporate holding company that in turn owns LexisNexis Risk Solutions Inc. LexisNexis Risk Solutions Inc. sometimes operates as a "consumer reporting agency" under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*). Given the vagueness of the Complaint, it may be that Plaintiff named RELX with regard to actions actually taken by LexisNexis Risk Solutions Inc.

applicable federal authorities and to clarify that it is seeking a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) and a motion for a more definite statement pursuant to F.R.Civ.P. 12(e).

## ARGUMENT

### I.   STANDARD OF REVIEW

A court should grant a motion to dismiss when a complaint contains only a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plaintiffs' mere conclusory allegations, however, are not entitled to the assumption of truth. *Id.* at 679.

Indeed, "a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Burnett v. Pac. Source Health Plans*, No. CV 19-45-H-SEH, 2019 U.S. Dist. RELX 148027, at *8 (D. Mont. Aug. 26, 2019) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see also Smith v. Health Care Serv. Corp.*, No. CV 22-50-

BLG-SPW-KLD, 2023 U.S. Dist. RELX 68728, at *6 (D. Mont. Mar. 6, 2023) ("the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" (internal quotations omitted) (quoting *Clegg v. Cult Awareness Network*, 18 F.2d 752, 754-55 (9th Cir. 1994))).

## II.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A complaint must be dismissed where it "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. l2(b)(6). Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Allegations must amount to more than "labels and conclusion or a formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must set forth a short and plain statement of a cognizable legal claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

In the current claim, Plaintiff does not state any facts to support any of the legal claims he asserts against any of the named parties. Plaintiff asserts vague allegations such as the Defendants reported his private information without written or verbal consent. As a result of this alleged act, Plaintiff claims that the Defendants

"have violated multiple statutes" and the Fair Credit and Reporting Act ("FCRA") along with the Fair Debt Collection Practices Act ("FDCPA"). However, Plaintiff gave no indication of how these "multiple statutes" and FCRA and FDCPA apply to RELX (or any of the Defendants). Plaintiff also alleges that he submitted a written request for the Defendants to update reported information that was incorrect which has resulted in him losing "jobs, housing, education, healthcare, business loans and other opportunities afforded others." None of these allegations provide any context as to what the factual or legal claim is that Plaintiff is seeking against the Defendants including RELX. The Plaintiff has the burden of pleading a cause of action, and he has failed to meet that burden by neglecting to support his cause of action against RELX.

The Plaintiff has also failed to state a claim upon which relief can be granted because it is unclear what Plaintiff's causes of action are. Plaintiff asserts that "multiple statutes" including state and federal statutes would apply to this case. While Plaintiff vaguely alludes to FCRA and FDCPA, he does not point to any specific provisions in those statutes that may have been violated other than his vague notions that his "privacy and 14th Amendment rights" were violated. As an opposing party, there is no way for RELX to defend against "multiple" unnamed state and federal statutes and the entirety or both the FCRA and FDCPA without any specific

5

allegations supporting these claims. As such, Plaintiff's claims should be dismissed for failure to state a legally cognizable claim.

### III.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT.

While RELX firmly believes the failure to state a claim issue ends the necessary inquiry, assuming, *arguendo*, the Court believes it necessary, RELX requests Plaintiff submit an Amended Complaint with a more definite statement pursuant to FCRP 12(e). Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The review standard for a motion for a more definite statement was stated in *Thompson v. City of Bozeman*, No. CV 18-75-BU-BMM-KLD, 2020 WL 2836370, at *1 (D. Mont. June 1, 2020), report and recommendation adopted, No. CV 18-75-BMM-KLD, 2020 WL 4336264 (D. Mont. July 28, 2020):

> A Rule 12(e) motion attacks the intelligibility of the complaint rather than the lack of detail, and should be denied "where the complaint notifies the defendant of the substance of the claims asserted." *Alicia Johnson v. City of Portland,* 2019 WL 5406551, *1 (D. Or. Oct. 3, 2019). The proper "test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame a responsive pleading." *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL 11508881, *3 (S.D. Cal. Aug. 13, 2010). In light of "the liberal pleading requirements of Rule 8, motions for a more definite statement are 'viewed with disfavor and are rarely granted.' " *Myers v. Howmedical Osteonics Corp.*, 2015 WL 1467109, *1 (D. Mont. 2015) (quoting *Sanchez v. City of Fresno*, 914

F.Supp.2d 1079, 1122 (E.D. Cal. 2012)).

As discussed above, Plaintiff's claims against RELX are indiscernible. Although a pro se plaintiff may be afforded more leniency in drafting, a defendant still has the right to request a more definite statement, particularly when the Complaint, as in this case, fails to identify how RELX may or may not be involved. The Plaintiff simply failed to plead any factual allegation which asserts RELX did anything, much less breached any standard under the law. It is unclear what claims are being asserted against RELX. As such, RELX moves this Court, in the alternative, to issue its Order directing Plaintiff to file an Amended Complaint with much more specific factual detail and identifiable claims under the law.

## CONCLUSION

For the reasons stated herein, RELX asks that Plaintiff's claims be dismissed or in the alternative Plaintiff should be required to file an Amended Complaint to include a more definite statement.

DATED this 25th day of September, 2023.

                          BROWNING, KALECZYC, BERRY & HOVEN, P.C.

                          /s/ Michael L. Rausch_____
                          Michael L. Rausch, Esq.
                          Emily M. McCulloch, Esq.
                          Attorneys for RELX, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2023, true copy of the foregoing was sent via CM/ECF as follows and by mail to Plaintiff Heru Spencer:

Plaintiff Heru Spencer
P.O. Box 1376
Bozeman, MT 59771
    *Plaintiff*

Dan Auerbach
201 West Railroad
Suite 300
Missoula, MT 59802
    *Transunion Holding Company Inc.*

          /s/ Michael L. Rausch_____
          BROWNING, KALECZYC, BERRY & HOVEN, P.C.