Emily M. Stultz, Esq.
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400 Ext. 132
Fax: 317-363-2257
E-Mail:  estultz@schuckitlaw.com

*Co-Lead Counsel for Trans Union, LLC*
*(improperly identified as TransUnion Holding Company Inc)*

Daniel Auerbach, Esq.
Browning, Kaleczyc, Berry and Hoven, P.C
201 West Railroad St., Suite 300
Missoula, MT 59802
Telephone:  406-728-1694
Fax:  406-728-5475
E-Mail:  daniel@bkbh.com

*Co-Lead Counsel for Defendant Trans Union, LLC*
*(improperly identified as TransUnion Holding Company Inc)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| HERU SPENCER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EXPERIAN; EQUIFAX INC; RELX INC.; TRANSUNION HOLDING COMPANY INC.;<br><br>　　　　Defendants. | Case No. 6:23-cv-00065-BMM-KLD<br><br><br>**TRANS UNION, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant consumer reporting agency Trans Union, LLC (improperly identified as TransUnion Holding Company Inc) ("Trans Union"), by counsel, hereby submits this Reply In Support of its Motion To Dismiss Plaintiff's Complaint [Doc. No. 13] (the "Motion").

The Motion should be granted in this case where pro se Plaintiff's untimely Opposition fails to provide support for Plaintiff's false claims that Trans Union violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and additional unidentified "multiple statutes" by reporting some unidentified "incorrect information" on their consumer credit report without their "written or verbal consent," for the reasons discussed in the Motion and Memorandum and because:

A. Plaintiff's Opposition still fails to identify any required inaccuracies to state a prima facie claim under the Fair Credit Reporting Act, and fails to provide any support – because there is none – for their claim that Trans Union was required to obtain their consent before preparing a consumer report for a third party;

B. Plaintiff's Opposition fails to address Trans Union's argument in the Motion that Plaintiff's Fair Debt Collection Practice Act claims fail because Plaintiff has not and cannot allege that Trans Union is a debt collector, as required to state a claim under the Act, and caselaw holds that such claim is therefore considered withdrawn; and

C. Plaintiff's Opposition still fails to identify which additional "multiple statues" they believe Trans Union has violated, and Plaintiff's new Fourteenth Amendment claim – that Trans Union discriminated against "Black peoples, Immigrants, LGBTQIA people, Women, low income People, people with disabilities [and] Certain religions that do not align with the religious beliefs of the companies [sic] owners" – cannot survive, even if it was true (which it is not), because Trans Union is not a government agency.

I. **ARGUMENT**

A. **Plaintiff's Opposition Still Fails To Identify Any Required Inaccuracies To State A Prima Facie Claim Under The Fair Credit Reporting Act, And Fails To Provide Any Support – Because There Is None – For Their Claim That Trans Union Was Required To Obtain Their Consent Before Preparing A Consumer Report For A Third Party**.

Plaintiff's conclusory allegations that Trans Union reported "inaccurate information" are insufficient to state a claim for relief because they fail to identify what specific items are at issue nor do the allegations provide any factual details regarding the nature of the allegedly inaccurate information as required. See generally Memorandum in Support of Motion to Dismiss [Doc. No. 14] (the "Memorandum"). It is not enough to merely allege that Trans Union reported "inaccurate" information. "[A] consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

Plaintiff's Complaint, as well as their Opposition, fail to identify any factual data that would evidence such "inaccurate" reporting. Although Plaintiff's Opposition appears to attempt to identify what information was allegedly inaccurate, by stating "Trans Union…has repeatedly falsely reported addresses [sic] names, phone numbers, bankruptcies and other information….", such statements are still insufficient to allege a claim for relief. See Plaintiff' Brief in Opposition, [Doc. No 22] (the "Opposition"), at ¶ 5. Plaintiff does not identify what specific "addresses [sic] names, phone numbers, bankruptcies and other information" were allegedly "falsely reported."[1] As stated in the Memorandum, conclusory statements failing to identify what specific accounts, reports, or disputes are at issue or failing to identify details regarding the nature of the allegedly "false and inaccurate information" are insufficient. See Memorandum, at pg. 5 (citing Drame v. Capital Collection Service, 414 F.Supp.3d 715, 719 (E.D. Pa. 2019)).

---

[1] Moreover, the reporting of inaccurate identification information is insufficient to state a claim under the FCRA, which regulates the publication of "information that bears on a consumer's creditworthiness." See, e.g., Rowe v. Unicare Life & Health Ins. Co., No. 09 C 2286 2010 WL 86391 at *3 (N.D. Ill. Jan. 5, 2010); see also Perry v. Experian Info. Solutions, Inc., No. Civ.A. 05 C 1578 2005 WL 2861078 at *7 (N.D. Ill. Oct. 28, 2005) (holding a disputed telephone number and date of birth provided no basis to infer any adverse impact on Plaintiff's creditworthiness). This is because Section 1681e(b) relates to the preparation of "consumer reports," which the FCRA defines, in relevant part, as the "communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness …" Compare 15 U.S.C. §§ 1681a(d)(1) with 1681e(b). For this reason, courts have agreed that "that disclosures of simple identifying information such as name, address, Social Security Number, and other demographic information alone are not sufficient to constitute violations of the FCRA." Rowe at *3.

To the extent that Plaintiff appears to now claim that they are the victim of identity theft by their stepfather, such argument – if even alleged in the Complaint, which it is now – cannot save the inaccuracy claims. See Opposition at ¶ 6. Again, this inappropriate attempt at amending their Complaint is largely conclusory and fails to allege any factual content that would support such conclusions, such as what specific accounts were opened fraudulently or what "credit activity" reported by Trans Union was fraudulent.[2]

Finally, Plaintiff also fails in the Opposition to provide any authority – because it does not exist – to support their repeated claim that Trans Union violated the FCRA because it did not have their "permission to make [their] information public." See Opposition, at ¶¶ 5, 7. As discussed in the Memorandum, consent is not required for Trans Union to report a consumer's data. See Memorandum at pgs. 7-8. Therefore, Trans Union's Motion should be granted.

**B.     Plaintiff's Opposition Fails To Address Trans Union's Argument In The Motion That Plaintiff's Fair Debt Collection Practice Act Claims Fail Because Plaintiff Has Not And Cannot Allege That Trans Union Is A**

---

[2] Plaintiff attempts to bolster their allegations by listing numerous unspecified and vague damages not originally claimed in their Complaint, but again fails to provide specific details regarding the alleged damages and fails to state how the alleged "inaccuracies" are causally related to such damages. See Opposition, ¶ 8. Even if Plaintiff had provided more than vague descriptions of their damages, this is again an impermissible attempt at amending their Complaint.

**Debt Collector, As Required To State A Claim Under The Act, And Caselaw Holds That Such Claim Is Therefore Considered Withdrawn**.

Plaintiff's Complaint does not allege as required that Trans Union is a debt collector subject to the FDCPA, nor can Plaintiff make such an allegation, as it is well established that Trans Union, a consumer reporting agency, is not a debt collector and cannot be liable under the FDCPA. See Memorandum, pg. 8 (citing Brumby v. Trans Union, LLC, 2008 WL 3823712, *2 (M.D. N.C., Aug. 13, 2008)). Not only did Plaintiff fail to allege such in their Complaint, but they also fail entirely to address the argument in their Opposition. "A district court may find a cause of action waived where a plaintiff fails to defend the cause of action in opposition to a motion to dismiss." Hadley v. Kellogg Sales Co., 243 F.Supp. 3d 1074, 1100 (N.D. Cal. 2017) (citing Conservation Force v. Salazar, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009), aff'd, 646 F.3d 1240 (9th Cir. 2011) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.")). Because Plaintiff' has failed entirely to address this argument in their opposition, Trans Union requests that it should be considered waived and Trans Union's Motion should be granted.

**C.    Plaintiff's Opposition Still Fails To Identify Which Additional "Multiple Statues" They Believe Trans Union Has Violated, And Plaintiff's New Fourteenth Amendment Claim – That Trans Union Discriminated**

**Against "Black Peoples, Immigrants, LGBTQIA People, Women, Low Income People, People With Disabilities [And] Certain Religions That Do Not Align With The Religious Beliefs Of The Companies [Sic] Owners" – Cannot Survive, Even If It Was True (Which It Is Not), Because Trans Union Is Not A Government Agency**.

Plaintiff's Opposition still fails to address which additional "multiple statutes" they allege Trans Union has violated but attempts to now allege a new Fourteenth Amendment claim that does not appear anywhere in Plaintiff's Complaint. See Opposition at ¶¶ 1, 3, 5, & 7. As an initial matter, plaintiffs cannot amend their complaint by way of a response brief to a motion to dismiss. "A pleader's statements made for the first time in a legal memorandum or brief are generally not considered in resolving a motion to dismiss for failure to state a claim." Schroeder v. Bank of America, LLC, 2013 WL 1876790, at *3 (D. MN., Mar. 4, 2013). "It is well established that parties cannot amend their complaints through briefing…." Borgman v. Yamaha Motor Corp., USA, 636 F.Supp.3d 1012, 1031 (D. Alaska 2022) (quoting S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013)).

Even if briefing was an appropriate avenue for amending their Complaint or even if Plaintiff sought leave to amend their Complaint to add these new constitutional allegations, the claims would still fail because Trans Union is not a governmental agency, which Plaintiff admits in their Opposition, and therefore is not liable under the Fourteenth Amendment. See Opposition at ¶ 8. To state a claim

alleging violations of the Fourteenth Amendment, a plaintiff must plausible allege that "[they] suffered the deprivation of a federally protected right and that 'the alleged deprivation was committed by a person acting under color of state law.'" Hyun Ju Park v. City & Cnty. Of Honolulu, 952 F.3d 1136, 1140 (9th Cir. 2020) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). Plaintiff's attempt to argue that Trans Union is "more powerful than Congress" is unavailing because Plaintiff has not and cannot claim that Trans Union was acting under the color of law. See Opposition at ¶ 1. Trans Union is a private corporation engaged in commerce in the private market. If Plaintiff believes that Trans Union has too much power in the private market, they should take the issue up with the legislature, as that is not an issue to be resolved here by the Court.

Even so, Plaintiff's attempted Fourteenth Amendment claims would also fail because they are wildly nonsensical conclusory statements, which "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Ninth Circuit has further explained this standard by holding that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plaintiff has not and cannot assert any truthful facts that Trans Union is

discriminating against any protected class of people.  See generally Opposition. Plaintiff simply argues that the "lack of transparency to how they determine the credit scoring of certain individuals .. shows a lack of accountability." Id. ¶ 2.  But Plaintiff has not and cannot claim that Trans Union considers a person's race, religion or sexual preference when calculating credit scores – because it obviously does not.  In fact, Trans Union does not possess information on a consumer's race, religion or sexual preference.

## II. CONCLUSION

For all the foregoing reasons, as well as those set forth in the Motion and Memorandum, Trans Union respectfully requests that the Court grant Trans Union's Motion, dismiss Plaintiff's Complaint against Trans Union in its entirety, with prejudice, and award Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,


*/s/ Emily M. Stultz*
Emily M. Stultz, Esq.
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400 Ext. 132
Fax: 317-363-2257
E-Mail:  estultz@schuckitlaw.com

*Co-Lead Counsel for Trans Union, LLC (improperly identified as TransUnion Holding Company Inc)*

Daniel Auerbach, Esq.
Browning, Kaleczyc, Berry and Hoven, P.C.
201 West Railroad St., Suite 300
Missoula, MT  59802
Telephone:  406-728-1694
Fax:  406-728-5475
E-Mail:  daniel@bkbh.com

*Co-Lead Counsel for Defendant Trans Union, LLC (improperly identified as TransUnion Holding Company Inc)*

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2023, a true copy of the foregoing was served:

Via ECF to the following parties:

Michael L. Rausch
Emily M. McCulloch
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
mike@bkbh.com
emily@bkbh.com


Via first-class mail to the following parties:

Heru Spencer
PO Box 1376
Bozeman, MT 59771


        */s/ Emily M. Stultz*
        Emily M. Stultz, Esq.
         (admitted *Pro Hac Vice*)
        Schuckit & Associates, P.C.
        4545 Northwestern Drive
        Zionsville, IN 46077
        Telephone: 317-363-2400 Ext. 132
        Fax: 317-363-2257
        E-Mail: estultz@schuckitlaw.com

        *Co-Lead Counsel for Defendant Trans Union, LLC (improperly identified as TransUnion Holding Company Inc)*