IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HERU SPENCER,<br><br>Plaintiff,<br><br>vs.<br><br>RELX INC., and TRANSUNION HOLDING COMPANY INC.,<br><br>Defendants. | CV 23-65-H-BMM-KLD<br><br><br>FINDINGS AND RECOMMENDATION |

This matter comes before the Court on Defendants RELX Inc. and Trans Union, LLC's (improperly identified as TransUnion Holding Company Inc.) motions to dismiss pro se Plaintiff Heru Spencer's Amended Complaint for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motions should be granted and this case should be dismissed.

## I.   Background

In August 2023, Spencer filed a complaint in state court alleging claims against RELX and TransUnion under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Spencer also claimed that Defendants had violated his constitutional rights and several unspecified statutes. (Doc. 10). TransUnion timely

removed the case to this Court, and TransUnion and RELX filed Rule 12(b)(6) motions to dismiss. (Docs. 11 and 13).

On March 14, 2024, the Court issued a Findings and Recommendation concluding that Spencer failed to state a claim for relief under Sections 1681(a)(4); 1681b; 1681e(a) or (b); or 1681i(a)(1)(A) of the FRCRA, and failed to state a claim for relief under the FDCPA because he had not alleged facts that would support a conclusion that TransUnion and RELX are debt collectors. (Doc. 37 at 4-12). The Court also concluded that Spencer failed to state a cognizable constitutional claim, and his assertion that Defendants violated unspecified "multiple statutes" failed to state a claim for relief. (Doc. 12-14).

In light of Spencer's pro se status, the Court gave him the opportunity to amend his Complaint to state a claim under § 1681b, § 1681e, or § 1681i(a)(1)(A) of the FCRA. (Doc. 37 at 14-15). Spencer filed his Amended Complaint on April 3, 2024. (Doc. 39).

On April 17, 2024, RELX and TransUnion filed motions to dismiss the Amended Complaint under Rule 12(b)(6) on the ground that Spencer still fails to state a claim for relief under the FRCA. (Docs. 40, 41). Rule 7.1(d)(1)(B)(i) of the Local Rules of Procedure provides that "[r]esponses to motions to dismiss…must be filed within 21 days after the motion was entered in the docket." Pursuant to Local Rule 7.1(d)(1)(B)(ii), "failure to file a response brief may be deemed an

admission that the motion is well taken." Because RELX and TransUnion filed their motions to dismiss on April 17, 2024, the deadline for Spencer to respond was May 8, 2024. As of the date of this Findings and Recommendation, Spencer still has not filed a response.

The Court considers Spencer's failure to respond an admission that the motions are well-taken. The motions are also well-taken on the merits.

## II.   <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory,"

then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.  **Discussion**

Liberally construed, Spencer's Amended Complaint still fails to state a claim against RELX[1] or TransUnion under § 1681b, § 1681e, or § 1681i(a)(1)(A) of the FCRA.

### A.    **15 U.S.C. § 1681b**

Spencer alleges that Defendants are liable under § 1681b of the FCRA because it reported his information without his "permission" or "consent." (See Doc. 39, at ¶¶ 6, 13, 15, 25).

---

[1] The Court notes that many of the allegations in the Amended Complaint are directed at "LexisNexis," which is not a party to this lawsuit. (*See e.g.* Doc. 39, at ¶¶ 11, 12, 21, 22, 24). RELX explains that it is the parent corporation of LexisNexis Risk Solutions Inc. and has provided public records showing that the two are separate corporate entities. (Doc. 42 at 5-7, Doc. 42-2). Spencer does not allege any facts that would provide a basis for piercing the corporate veil between LexisNexis and RELX. Accordingly, to the extent Spencer seeks to hold RELX liable for alleged conduct by LexisNexis, he fails to state a claim for relief. Even if the Amended Complaint can be read as attributing LexisNexis's alleged conduct to RELX, it fails to state a claim for relief for the reasons stated below.

Section 1681b(a) identifies the circumstances under which a consumer reporting agency may furnish a consumer report, including for example: (1) in response to a court order; (2) "[i]n accordance with the written instructions of the consumer to whom it relates"; or (3) to a person which it has reason to believe intends to use the information for one of several listed purposes. 15 U.S.C. § 1581b(a)(1),(2),(3)(A)-(G). Like Spencer's original Complaint, the Amended Complaint can be liberally construed as asserting that Defendants violated § 1681b(a)(2) because they furnished a consumer report without Spencer's written authorization. But § 1681b(a)(1) and (3) list several other circumstances under which a consumer reporting agency may furnish a consumer report to others. 15 U.S.C. § 1681b(a).

Because Spencer fails to allege any facts to give rise to a reasonable inference that the furnishing of his consumer report did not comply with any of the other permitted circumstances listed in § 1681b(a), he still fails state a claim for relief under § 1681b(a). *See e.g. Young v Experian Info. Solutions*, 2022 WL 16540838, at *3 (D. Md. Oct. 28, 2022) (granting Rule 12(b)(6) motion to dismiss pro se plaintiff's claim under § 1681b(a) of the FCRA because the complaint did not allege a factual basis to conclude "that the furnishing of his consumer report did not comply with any of the other permitted circumstances identified" in § 1681b(a)).

### B.    15 U.S.C. § 1681e and § 1681i(a)(1)(A)

Spencer alleges that TransUnion violated §§ 1681e(b) and 1681i of the

FCRA by "report[ing] incorrect addresses," "incorrect names," "incorrect phone

numbers," "incorrect accounts," "incorrect information [regarding] accounts

created by [his] stepfather" more than two decades ago, and ignored his requests to

update information. (Doc. 39 at ¶¶ 1-6, 17, 24). Spencer also claims that he

reported false driving, insurance, and credit information to LexisNexis that was not

removed or corrected. (Doc. 39 at ¶¶ 9, 10, 21, 24).

Section 1681e(b) requires that "[w]henever a consumer reporting agency

prepares a consumer report it shall follow reasonable procedures to assure

maximum possible accuracy of the information concerning the individual about

whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i(a)(1)(A) in turn

provides that "if the completeness or accuracy of information contained in a

consumer's file at a consumer reporting agency is disputed by the consumer… the

agency shall, free of charge, conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate…." 15 U.S.C. § 1681i(a)(1)(A). A

prima facie element of a claim under Section 1681e(b) is that the "credit reporting

agency prepared a report containing inaccurate information." *Guimond v. Trans

Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). *See also Shaw v.

Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (applying *Guimond* and

concluding that "to sustain either a § 1681e or a 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting") (quotation marks and citation omitted).

Spencer's Amended Complaint still does not provide sufficient details as to what "inaccurate information" TransUnion allegedly reported, to whom, and when. His conclusory allegations are insufficient to state a claim for relief. Spencer's allegations against LexisNexis are also lacks sufficient details, including specifics as to what allegedly false credit information was reported, to whom, and/or when. Spencer also does not allege facts that would demonstrate any alleged inaccurate reporting resulted from Defendants' failure to follow reasonable procedures. To the extent Spencer's allegation that LexisNexis "reported false driving record and insurance information on 03/31/2023 & 04/03/2023" is somewhat more specific, as stated above LexisNexis is not a party to the lawsuit and Spencer has not alleged facts that would provide any basis for holding RELX liable for LexisNexis's alleged conduct.

Finally, to the extent Spencer claims that LexisNexis sold unspecified data and information about his bankruptcy without his consent (Doc. 39 at ¶¶ 8, 11, 12), his conclusory allegations, which do not identify what information was allegedly sold, do not state a claim for relief.

//

## IV.    <u>Conclusion</u>

For all of the reasons discussed above, and for all of the reasons stated in the Findings & Recommendation issued on March 14, 2024 (Doc. 37), Spencer fails to state a claim for relief against RELX or TransUnion.

For the reasons explained above, the Court enters the following:

**RECOMMENDATION**

**IT IS RECOMMENDED** that TransUnion's Motions to Dismiss (Docs. 13, 40) and RELX, INC's Motions to Dismiss (Doc. 11, 41) be GRANTED and this case be dismissed in its entirety for failure to state a claim for relief. In light of Spencer's pro se status, and because the Court granted Spencer leave to amend his complaint, TransUnion's request for attorney fees and costs incurred in defending this action (Doc. 43 at 11) should be denied.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Spencer may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Spencer must immediately advise the Court of any change in his mailing</u>

//

//

<u>address.</u> Failure to do so may result in dismissal of this action without notice to

him.

      DATED this 24th day of May, 2024.


                     _____

                     Kathleen L. DeSoto
                     United States Magistrate Judge