## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| HERU SPENCER,<br><br>    Plaintiff,<br><br> vs.<br><br>EXPERIAN, EQUIFAX, INC., RELX INC., TRANSUNION HOLDING COMPANY, INC.,<br><br>    Defendants. | CV-23–65–H–BMM<br><br>**ORDER** |

United States Magistrate Judge Kathleen DeSoto entered her Findings and Recommendations in this case on May 24, 2024. (Doc. 47.) Judge DeSoto recommended that Plaintiff Heru Spencer's claims against TransUnion Holding Company, Inc. and RELX, Inc. be dismissed for failure to state a claim upon which relief may be granted. (Doc. 47 at 8.)

Spencer timely filed an objection to the Findings and Recommendations. (Doc. 48.) Spencer's objections do not raise any issues with the findings made by Magistrate Judge DeSoto. (*See* Doc. 48 at 1–3.) Spencer's objections also fail to contest Magistrate Judge DeSoto's recommendation to dismiss Spencer's claims. (*Id.*) Spencer's objections only concern whether he should be granted leave to amend his complaint. (*Id.*) TransUnion Holding Company, Inc. argues that the Court granted Spencer leave to amend once already and that any further amendment would

prove futile. (Doc. 49 at 4.) RELX, Inc. similarly argues that Spencer failed to cure the deficiencies in his complaint after being given leave to amend and that further amendment would prove futile. (Doc. 50 at 4.)

The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error the portion of the findings and recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Spencer objected only to whether Magistrate Judge DeSoto should have granted him leave to amend his complaint. The Court reviews this determination de novo. The Court reviews the remaining findings and recommendations for clear error. The Court finds no clear error in Magistrate Judge DeSoto's Findings and Recommendations as to Spencer's failure to state a claim upon which relief may be granted. Spencer's complaint alleges that RELX, Inc. furnished his consumer data to third parties without his express permission in violation of 15 U.S.C. § 1681b. (Doc. 39 at ¶¶ 8, 12, 25.) Spencer's complaint fails to allege that RELX, Inc. did not furnish his consumer report under circumstances in which the Fair Credit Reporting Act permits disclosure absent a consumer's consent. Spencer's complaint also raises

allegations that the credit reporting agencies included false information in his credit report and failed to correct information that Spencer reported to be inaccurate. (Doc. 39, ¶¶ 1–7, 10, 17–19.) Magistrate Judge DeSoto noted that Spencer's allegations failed to describe the allegedly inaccurate information, failed to indicate when it was disclosed and to whom, and failed to demonstrate a failure to follow reasonable procedures. (Doc. 47 at 7.) The Court finds no clear error in the finding that Spencer failed to state a claim upon which relief could be granted.

The Court reviews de novo whether to grant Spencer leave to amend. "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Spencer's objections indicate that further facts and evidence exist to support his claims. (Doc. 48 at 2.) Spencer also notes that he mistakenly named the wrong party in his complaint, naming RELX, Inc. instead of LexisNexis. (*Id.*) The Court previously granted Spencer leave to amend his complaint. (Doc. 37 at 17.) The Findings and Recommendations issued by Magistrate Judge DeSoto on March 14, 2024, clearly outlined the deficiencies in Spencer's complaint. (Doc. 37 at 6–10.) The March 14, 2024 Findings and Recommendations carefully explained why

Spencer's complaint failed to state a claim for relief under the FCRA. (*See id.*) The Findings and Recommendations specified, among other deficiencies, that Spencer's complaint failed to "state what specifically was reported or when, or how or why the information reported was false." (*Id.* at 10.) The Findings and Recommendations outlined that Spencer's complaint needed to "allege facts giving rise to a reasonable inference that Defendants furnished his consumer report for any purpose other than those authorized in the statute." (*Id.* at 9.) The Court also noted that Spencer had improperly named RELX, Inc. instead of LexisNexis. (*Id.* at 12.)

Spencer failed to cure the deficiencies outlined in Magistrate Judge DeSoto's March 14, 2024 Findings and Recommendations. Spencer failed to name LexisNexis as a party in the amended complaint despite Spencer being on notice that he had named the wrong party in his earlier complaint. Spencer failed to specify specific factual information to support his reporting claims. Spencer named employers to whom information was allegedly provided, but failed to state what false information was provided, why that information proved false, or when the Defendants provided that information. (Doc. 39, ¶ 25.) Spencer's complaint also alleged that he reported false driving record information on a specific date but fails to specify what the allegedly false information was or why that information proved false. (*Id.*, ¶ 10.) Spencer failed to include the "who, what, when, where, and why" in his allegations

despite the March 14, 2024 Findings and Recommendations noting that such information proved necessary to Spencer's complaint.

Spencer has failed to cure the deficiencies in his complaint. The Court has found twice now that Spencer's complaint fails to state a claim upon which relief may be granted. The Court previously granted leave to amend, and Spencer failed to cure the deficiencies in his complaint despite clear guidance on what information proved necessary upon amendment. The Court finds that Spencer "has failed to cure the complaint's deficiencies despite repeated opportunities." *Garmon*, 828 F.3d at 842. The Court further finds that the last amendment proved futile, as Spencer continued to make conclusory allegations that included little to no details to put the Defendants on notice as to the specific conduct of which Spencer complained. Further amendment would similarly prove futile. *Id.*

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge DeSoto's Findings and Recommendations (Doc. 47) are **ADOPTED IN FULL.**

1. Spencer's claims are **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that

any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 24th day of June, 2024.

_____
Brian Morris, Chief District Judge
United States District Court